1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7             **DISTRICT OF NEVADA**
8
9    PAUL MCCREARY,                    )
            #78362                      )
10                                      )
            Plaintiff,                  )          3:12-cv-00145-LRH-WGC
11                                      )
     vs.                               )
12                                      )          **SCREENING ORDER**
     BRIAN SANDOVAL, *et al.*,         )
13                                      )
            Defendants.                 )
14   _____/

15          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  A decision on the

16   application to proceed *in forma pauperis* is temporarily deferred.  The court now reviews the complaint.

17   **I.      Screening Pursuant to 28 U.S.C. § 1915A**

18          Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress

19   from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).

20   In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous,

21   malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

22   defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings,

23   however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler,*

24   627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).

25   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right

26   secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation

27   was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

28          In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

1    Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of
2    poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may
3    be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.
4    § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is
5    provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
6    § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses
7    a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions
8    as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could
9    not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

10   Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*
11   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim
12   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
13   would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making
14   this determination, the court takes as true all allegations of material fact stated in the complaint, and the
15   court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d
16   955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than
17   formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
18   U.S. 519, 520 (1972) (per curiam); *Hebbe*, 627 F.3d at 342.  While the standard under Rule 12(b)(6)
19   does not require detailed factual allegations, a plaintiff must provide more than mere labels and
20   conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A formulaic recitation
21   of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

22   Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because
23   they are no more than mere conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*,
24   129 S.Ct. 1937, 1950 (2009).  "While legal conclusions can provide the framework of a complaint, they
25   must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a
26   court should assume their veracity and then determine whether they plausibly give rise to an entitlement
27   to relief.  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-specific
28   task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

1   Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if

2   the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

3   conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of

4   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

5   allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28

6   (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

7   **II.  Instant Complaint**

8   Plaintiff, who is incarcerated at Ely State Prison ("ESP"), has sued Nevada Governor Brian

9   Sandoval as well as Nevada Department of Corrections ("NDOC") Medical Director Dr. Bannister and

10  several ESP personnel.  Plaintiff's allegations implicate his Eighth Amendment rights.  The court

11  considers count III of the complaint first.

12  **Count III**

13  Plaintiff sets forth various vague allegations that mostly unspecified defendants have interfered

14  with his use of the inmate grievance system.  However, prisoners have no constitutional right to an

15  inmate grievance system. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). Thus, the non-existence of,

16  or the failure of prison officials to properly implement an administrative appeals process within the

17  prison system does not raise constitutional concerns.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th

18  Cir.1993); *Flick v. Alba*, 932 F.2d 728 (8th Cir.1991). "[A prison] grievance procedure is a procedural

19  right only, it does not confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing

20  *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill.1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th

21  Cir.1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections

22  envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F.Supp. at 10; *Spencer v. Moore*,

23  638 F.Supp. 315, 316 (E.D . Mo.1986).  Specifically, failure to process a grievance does not state a

24  constitutional violation.  *Buckley*, 997 F.2d at 495.  Thus, a prison official's involvement and actions

25  in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.

26  *Buckley*, 997 F.2d at 495.  As amendment would be futile, count III is dismissed for failure to state a

27  claim for which relief may be granted.

28  ///

3

**Count I**

Plaintiff alleges that defendant officer Rowley used force in cuffing his right ankle causing "undue pain" and injury. He claims that the ESP medical department "documented" this injury. He also asserts that about a month later the same defendant injured plaintiff's left ankle when he cuffed him to take him to the showers and that the medical department also documented that injury. Finally, plaintiff sets forth a vague allegation that he has learned that he will be assaulted by ESP corrections officers including Rowley before he is transferred to the medical facility at Northern Nevada Correctional Center ("NNCC").

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003); *Marquez v. Gutierrez*, 322 F.3d 689, 691-92 (9th Cir. 2003); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (*per curiam*); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321); *see also Martinez*, 323 F.3d at 1184. Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." *Jordan*, 986 F.2d at 1528 n.7; *see also Jeffers*, 267 F.3d at 913 (deliberate indifference standard applies where there is no "ongoing prison security measure"); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Moreover, there is no need for a showing of serious injury as a result of the force, but the lack of such injury is

4

1  relevant to the inquiry.  *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk*, 204 F.3d
2  at 1196.

3         Plaintiff's allegations in count I are too vague for the court to determine whether they state any
4  claims for which relief may be granted.  Accordingly, count I is dismissed.  However, plaintiff has leave
5  to amend this count if he is able to set forth specific allegations that the defendant used unnecessary and
6  therefore excessive force against him and if he is able to specifically describe any injuries he suffered.
7  The claim that plaintiff "has learned" that Rowley and other corrections officers will assault him in the
8  future if he is transferred to NNCC is implausibly vague and is dismissed.

9         **Count II**

10        Here, plaintiff vaguely alleges that he has repeatedly had to wait long periods of time to receive
11 medical care and references some instance when he allegedly took the wrong medication.

12        A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual
13 punishment that violates the Eighth Amendment unless the mistreatment rises to the level of "deliberate
14 indifference to serious medical needs." *Estelle*, 429 U.S. at 106.  The "deliberate indifference" standard
15 involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
16 "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S.
17 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which
18 entails more than mere negligence, but less than conduct undertaken for the very purpose of causing
19 harm.  *Farmer*, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner
20 unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

21         In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's
22 civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere
23 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton
24 v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  "[A]
25 complaint that a physician has been negligent in diagnosing or treating a medical condition does not state
26 a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not
27 become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S.
28 at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*,

974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff's allegations in count II are also too vague for the court to determine whether they state any claims for which relief may be granted, and count II is dismissed.  Plaintiff has claimed that unspecified defendants have delayed his medical treatment.  However, in order to state a claim for deliberate indifference, plaintiff must set forth specific factual allegations that demonstrate that specific defendants were deliberately indifferent to a specific serious medical need or needs.  If plaintiff's main complaint is that his medical treatment for serious medical needs was delayed then he must allege specific facts that demonstrate that any delay led to further injury.  Plaintiff has leave to amend count II if he is able to do so in conformance with this order.

The court further notes that "[l]iability under [§] 1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§] 1983."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding

1   proper to dismiss where no allegations of knowledge of or participation in alleged violation).  For

2   example, a bare allegation that defendant NDOC Medical Director Bannister was "not doing his job"

3   is insufficient to state a claim.

4          If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he

5   should specifically identify each defendant to the best of his ability, clarify what constitutional right he

6   believes each defendant has violated and support each claim with factual allegations about each

7   defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

8   link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Good*, 423 U.S.

9   362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743

10  (9th Cir. 1978).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

11  directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.  Plaintiff must

12  identify at least one of the defendants by name.

13         Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's

14  amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself

15  without reference to any prior pleading. This is because, as a general rule, an amended complaint

16  supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files

17  an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an

18  amended complaint, as in an original complaint, each claim and the involvement of each defendant must

19  be sufficiently alleged.

20  **III.  Conclusion**

21         **IT IS THEREFORE ORDERED** that the Clerk of the Court shall **DETACH** and **FILE** the

22  complaint (ECF #1-1).

23         **IT IS FURTHER ORDERED** that count III of plaintiff's complaint is  **DISMISSED** with

24  prejudice and without leave to amend.

25         **IT IS FURTHER ORDERED** that counts I and II of plaintiff's complaint are **DISMISSED**

26  **WITH LEAVE TO AMEND** as set forth in this order.

27         **IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this

28  order is entered to file his amended complaint, if he believes he can correct the noted deficiencies.  The

1    amended complaint must be a complete document in and of itself, and will supersede the original

2    complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not

3    carried forward in the amended complaint will no longer be before the court.

4           **IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such

5    by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42

6    U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **3:12-CV-00145-**

7    **LRH-WGC**, above the words "FIRST AMENDED"in the space for "Case No."

8           **IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file

9    an amended complaint in compliance with this order, this action may be immediately dismissed.

10          **IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil

11   rights complaint form with instructions along with one copy of the original complaint.

12

13          DATED this 28th day of March, 2012.

14

15

16                                                _____
                                                  LARRY R. HICKS
17                                                UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

8